IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARQUIS D. McCLOUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-588-WKW |
| | ) | (WO) |
| | ) | |
| ANTHONY C. PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Marquis D. McCloud, a former state inmate, filed this 42 U.S.C. § 1983 in which he challenges actions taken against him during a prior term of incarceration at Kilby Correctional Facility. Under the circumstances of this case, the court entered an order on July 26, 2018 requiring that McCloud "advise the court of whether he seeks to proceed with this cause of action, which may entail appearances before this court for various necessary proceedings." Doc. 18. The court specifically cautioned McCloud "that if he fails to file a response to this order the undersigned will recommend that this case be dismissed for such failure." Doc. 18. The time allowed McCloud to respond to the aforementioned order expired on August 6, 2018. As of the present date, McCloud has filed no response to this order.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds

that dismissal of this case is the proper course of action.  Initially, McCloud has failed to comply with the directives of the order that he advise the court of whether he seeks to continue moving forward this action.  Moreover, this case cannot properly proceed without McCloud's participation.  Finally, it appears that McCloud is no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources.

Accordingly, the court concludes that McCloud's failure to comply with an order of this court and his failure to participate in the prosecution of this case warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31.  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 4, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of August, 2018.

  /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE